IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Antoine Stenhouse, #298321,    ) | |
| ) | C/A No. 9:06-1331-MBS-GCK |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | |
| ) | **O R D E R** |
| Lt. Bertha Carter; Cpt. Joseph Deloach,    ) | |
| Sgt. Patrick McKnight; Sgt. Shirley    ) | |
| Green; Sgt. M. Carujo; Cpl. Kennith    ) | |
| Nelson; Assoc. Warden John Pate; Mjr.    ) | |
| Bernard Walker; and Jon Ozmint, in their    ) | |
| official and individual capacities,    ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

Plaintiff Randy Antoine Stenhouse is an inmate in custody of the South Carolina Department of Corrections (SCDC). Defendants are employees of SCDC. On May 2, 2006, Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated. Specifically, Plaintiff alleges that Defendants housed him with a violent inmate and failed to protect him from assault by the inmate. In an amended complaint filed September 6, 2006, Plaintiff further alleges that, after the assault complained of in the initial complaint, Defendants housed him with another violent inmate and failed to protect him from assault by that inmate. Plaintiff contends that Defendants denied him medical care subsequent to the second assault. Plaintiff also alleges that Defendants sprayed him with chemical munitions, causing an asthma attack. In addition, Plaintiff contends that SCDC has instituted a policy of requiring inmates who have received sexual misconduct charges to be assigned pink jumpsuits "for the purpose of discriminating against them and segregating them out so that they may be harassed, humiliated and embarrassed by staff and

other inmates." Amended Complaint, ¶ 64. Plaintiff seeks actual and punitive damages and injunctive relief, including an injunction prohibiting SCDC from requiring certain inmates to wear pink jumpsuits.

This matter is before the court on Plaintiff's motion for preliminary injunction and to stay the pink jumpsuit issue pending resolution of Nealous v. Ozmint, C/A No. 9:06-1771-DCN-GCK.[1] Defendants filed no response in opposition to Plaintiff's motion.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citing Blackwelder Furniture Co., v. Seilig Mfg. Co., 550 F.3d 189, 193 (4th Cir. 1977)). The two most important factors are probable irreparable injury to the plaintiff if relief is not granted and the likelihood of harm to the defendant if relief is granted. North Carolina State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. This is because the granting of a preliminary injunction requires the court, acting on an incomplete record, to order a party to act, or refrain from

---

[1] The Nealous action challenges the constitutionality of SCDC's pink jumpsuit policy. The inmate in Nealous contends that the pink jumpsuit policy places sexual offenders and homosexuals in danger of attack by other inmates and constitutes discrimination on the basis of sexual orientation.

acting in a certain way. Hughes Network Sys. v. InterDigital Comm'n Corp., 17 F.3d 691, 693 (4th Cir. 1994).

The Fourth Circuit has articulated a precise analytical framework that courts must employ in determining whether to grant injunctive relief:

> First, the party requesting preliminary relief must make a "clear showing" that he will suffer irreparable harm if the court denies his request. Second, if the party establishes irreparable harm, "the next step then for the court to take is to balance the likelihood of irreparable harm to the plaintiff from the failure to grant interim relief against the likelihood of harm to the defendant from the grant of such relief." Third, if the balance tips decidedly in favor of the party requesting preliminary relief, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." However, "if the balance does not tip decidedly there must be a strong probability of success on the merits." Fourth, the court must evaluate whether the public interest favors granting preliminary relief.

Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546, 551 (4th Cir. 1994)(internal citations omitted).

Plaintiff argues that he is at risk of irreparable harm because, absent the injunction, he will be forced to wear a pink jumpsuit and will be at risk of physical, sexual, or emotional injury from other inmates. Plaintiff contends that Defendants will not suffer harm from the grant of the relief sought because the constitutionality of the policy will be determined in the Nealous case by the summer of 2007. Plaintiff further contends that he is likely to succeed on the merits because the pink jumpsuit policy discriminates against certain inmates and subjects them to victimization. According to Plaintiff, "[t]his indifference to inmate safety and well being is in degradation of the Eight[h] Amendment, and will not withstand constitutional challenge . . . ." Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, pp. 4-5. Plaintiff also asserts that the

injunction is in the public interest because the public has an interest in ensuring that prison officials do not violate the rights of inmates.[2]

Despite the lack of opposition from Defendants, the court is not inclined to grant injunctive relief. As an initial matter, Plaintiff must make a clear showing of irreparable harm; that is, the alleged irreparable harm must be neither remote nor speculative, but actual and imminent. Dan River, Inc. v. Ieahn, 701 F.2d 278, 284 (4th Cir. 1983). Plaintiff has not met the burden of showing that he has been or will be victimized because of the pink jumpsuit policy. Further, contrary to Plaintiff's contention, the court concludes that SCDC would suffer harm if the court were to grant injunctive relief that would excuse Plaintiff, but no other inmate, from application of the pink jumpsuit policy. Such an injunction could subject SCDC to grievances and litigation by every other inmate in its custody who is subject to the policy, each of whom would expect the same relief afforded Plaintiff. As to success on the merits, the court notes that a federal court has upheld a policy requiring some individuals who have been civilly committed under the Illinois Sexually Violent Persons Commitment Act to wear yellow jumpsuits. See Hargett v. Adams, 2005 WL 399300 (N.D. Ill. Jan. 14, 2005) (not reported). The Hargett court found that there existed legitimate institutional security concerns underlying the use of yellow jumpsuits.[3] Thus, the likelihood of success on the merits is not guaranteed. For all these reasons, Plaintiff's motion for a preliminary injunction is **denied**.

---

[2] Plaintiff also states that Nealous was granted a preliminary injunction pending the outcome of his constitutional challenge to the pink jumpsuit policy. To the contrary, the record indicates that the motion for preliminary injunction sought in the Nealous case was dismissed as moot. See C/A No. 9:06-1771-DCN-GCK (Entry 9).

[3] The court offers no opinion regarding the constitutionality of SCDC's policy.

The court finds, however, that the interests of justice would be served if the within action is stayed as to the pink jumpsuit issue only.  Plaintiff's motion to stay the this issue is **granted**.  The case will go forward as to Plaintiff's remaining claims.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

January 5, 2007.